IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TALBERT,<br>　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL JOSH<br>SHAPIRO,<br>　　　　Respondent. | C.A. No. 23-305 Erie<br><br>District Judge Susan Paradise Baxter<br>Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM ORDER

This *pro se* action for habeas corpus relief was originally filed in the United States District Court for the Middle District of Pennsylvania on September 15, 2023, by Petitioner Charles Talbert, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"). The petition was subsequently transferred to this Court on November 1, 2023 [ECF No. 8] and was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. In his petition, Petitioner challenges his continued detention in "long-term disciplinary custody." [ECF No. 1].

On February 6, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases "because it plainly appears on its face that the Petitioner is not entitled to federal habeas relief." [ECF No. 9]. In particular, Judge Lanzillo concluded that the relief sought by Petitioner is not appropriate in habeas corpus because it "would not affect the

1

fact or length of his conviction;" instead, Petitioner's claim alleging unconstitutional treatment by state actors must proceed in a civil action pursuant to 42 U.S.C. § 1983.

Petitioner has filed timely objections to the R&R [ECF No. 10], in which he objects to Judge Lanzillo's characterization of his claim and seeks to clarify the issue before the Court by restating it as follows: "whether the State has demonstrated disability discrimination against [him] and otherwise violated his Constitutional right by sentencing him to indefinite long term disciplinary custody as a punishment for the symptoms of his serious mental health conditions." (Id. at p. 6). However, this clarification of Petitioner's claim merely affirms Judge Lanzillo's conclusion that the relief sought by Petitioner is not appropriate in habeas corpus and must be pursued, if desired, in a civil action under 42 U.S.C. § 1983.

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 17th day of April, 2024,

IT IS HEREBY ORDERED that the within petition for a writ of habeas corpus is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 cases because it plainly appears on the petition's face that Petitioner is not entitled to federal habeas relief. The report and recommendation of Chief Magistrate Judge Lanzillo, dated February 6, 2024 [ECF No. 9], is adopted as the opinion of this Court. As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
Chief United States Magistrate Judge

All parties of record